# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

CHARLOTTE NEWBERRY-THOMPSON,                    Case No:

      Plaintiff,

vs.

ENTERPRISE LEASING COMPANY OF
DETROIT, LLC, NATIONAL CAR
RENTAL COMPANY, and ALAMO CAR
RENTAL COMPANY,

      Defendants.

---

MATTHEW BRODERICK (P47403)
30685 Barrington
Suite 130
Madison Heights, MI 48071
248.588.1882
*Attorneys for Plaintiff*
  Charlotte Newberry-Thompson

MICHAEL A. CHICHESTER, JR.
JACLYN R. GIFFEN
LITTLER MENDELSON PLC
200 Renaissance Center
Suite 3110
Detroit, MI  48243
313.446.6400
mchichester@littler.com
*Attorneys for Defendant*
  Enterprise Leasing Company of
  Detroit, LLC

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1332, Defendant Enterprise Leasing Company of Detroit, LLC ("Enterprise" or "Defendant")  hereby gives notice of removal of the above-captioned action currently pending in the Third Judicial Circuit Court, Wayne County, Michigan.  In support of its Notice of Removal, Defendant states as follows:

4814-1566-2765.11 059088.1007

## Introduction

1.      On or about July 29, 2019, Plaintiff, Charlotte Newberry-Thompson, ("Plaintiff") commenced a civil action against Defendant in the Third Judicial Circuit, Wayne County, Michigan.  A true and correct copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit A.   Plaintiff's Complaint alleges disability discrimination in violation of the Persons with Disabilities Act (PDCRA), MCL 37.1201 *et seq*.

2.      Defendant was served with the Complaint on October 28, 2019. Consistent with 28 U.S.C. §§ 1441 and 1446, Defendant is timely moving to remove the state court action to the United States District Court within thirty (30) days of being served with Plaintiff's Complaint and Summons.

## Jurisdiction and Venue

3.      The basis for removal of this matter to the United States District Court for the Eastern District of Michigan, is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## Diversity of Citizenship

4.      This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which Defendant may remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1332.

2

4814-1566-2765.11 059088.1007

5. In her Complaint, Plaintiff alleges she is a citizen and resident of the State of Michigan. *See* Exhibit A.

6. At the time of commencement of this action, Defendant is a Delaware limited liability company, with all of its LLC members being citizens of the State of Missouri. Defendant is, therefore, not a citizen of the State of Michigan.

7. Plaintiff has also named National Car Rental, Co. ("National") and Alamo Car Rental, Co. ("Alamo") as defendants.

8. National and Alamo are brand names only; they are not legal entities that can sue and be sued.

9. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of these fictitious names shall be disregarded.

10. There is, therefore, complete diversity of citizenship between the parties.

## Amount in Controversy

11. Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interests and costs, be in excess of $75,000.

12. In the Sixth Circuit, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 if the amount of damages is not pled or if the amount pled is less than $75,000. *Hayes v. Equitable Energy Resource Co.*, 255 F. 3d 560, 572 (6th Cir. 2001).

3

4814-1566-2765.11 059088.1007

13.     Where removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000.  28 U.S.C. § 1446(a); *see also Everett v. Verizon Wireless, Inc.*, 460 F. 3d 818,822 (6th Circ. 2006)(abrogated on other grounds).

14.     Although Plaintiff's Complaint does not state a specific amount in controversy, the Complaint does provide enough information to determine that the amount in controversy exceeds $75,000.  Plaintiff is seeking compensatory damages in excess of $25,000.  She is also seeing an award of back pay and the value of lost fringe and pension benefits.  Further, Plaintiff seeks exemplary damages in excess of $25,000, and attorneys' fee and costs.  Based on these allegations, Plaintiff seeks damages in excess of $75,000.00

15.     Further, at the time her employment with Defendant ended, Plaintiff was being paid an average of $1,529.22 per month.  Thus, since her employment with Defendant ended in July 2016, Plaintiff has accrued approximately $61,168.80 in potential back pay damages, and her potential lost earnings continue to accrue at a rate of approximately $1,529.22 per month.

16.     The latest available statistics from the Administrative Office of the United States Courts reflect that, for the twelve-month period ending June 30, 2019,

4

the median interval from filing to trial in civil cases in the Eastern District of Michigan was 29.1 months.  Should this case proceed to trial in December 2021, Plaintiff's alleged lost wages through that date would total approximately $97,870.08.

17.    As noted above, Plaintiff also seeks exemplary damages.  Although Defendant denies that Plaintiff's allegations are true and that she is entitled to any damages, if awarded, any amount would further increase the alleged damages amount above the threshold.

18.    Therefore, based on the claims and damages stated in the Complaint, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* E.D. Mich. L.R. 81.1(b).

### Compliance with Procedural Requirements

20.    ***Timing of Removal:***  This Notice of Removal is proper and timely because fewer than thirty (30) days have elapsed since October 28, 2019, when Plaintiff first served Defendant with the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).

21**.**    ***Notice:***  Simultaneous with the filing of this Notice of Removal, Defendant has notified the Third Judicial Circuit Court, Wayne County, Michigan, of the removal of this action.  No other process, pleadings, or orders have been served or filed in this action.

4814-1566-2765.11 059088.1007

22.     Defendant will promptly provide notice of this Notice of Removal to Plaintiff, pursuant to 28 U.S.C. § 1446.

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for Eastern District of Michigan.

LITTLER MENDELSON PC


/s/ *Michael A. Chichester, Jr.*
Michael A. Chichester, Jr. (Bar #P70823)
mchichester@littler.com
Jaclyn R. Giffen (Bar #P75316)
jgiffen@littler.com
200 Renaissance Center
Suite 3110
Detroit, MI  48243
Phone: 313.446.6400
Fax: 313.446.6405

Attorneys for Defendant
Enterprise Leasing Company of Detroit, LLC

Dated:     November 18th, 2019

6

4814-1566-2765.11 059088.1007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served via U.S. Mail on November 18, 2019 upon:

Matthew Broderick, Esq.
30685 Barrington
Suite 130
Madison Heights, MI 48071
Attorney for Plaintiff

/s/ *Michael A. Chichester, Jr.*
Michael A. Chichester, Jr.

7

4814-1566-2765.11 059088.1007

# Exhibit A

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 19-010126-CZ Hon.Leslie Kim Smith |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226      Court telephone no.: 313-224-2427

| Plaintiff's name(s), address(es), and telephone no(s) Newberry-Thompson, Charlotte | v | Defendant's name(s), address(es), and telephone no(s). Enterprise Leasing Company of Detroit, LLC |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Matthew S. Broderick 47403 30701 Barrington St Ste 100 Madison Heights, MI 48071-5114 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file **a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 7/29/2019 | Expiration date* 10/28/2019 | Court clerk Deborah Bynum |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



Case No. : **19-010126-CZ**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:      (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____   Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE
CIVIL DIVISION

Charlotte Newberry-Thompson,

      Plaintiff,

-vs-

Enterprise Leasing Company of Detroit, LLC,
National Car Rental, Co., and Alamo Car Rental, Co.,

      Defendants.

_____/

Matthew Broderick P47403
Attorney for Plaintiff
30685 Barrington Suite 130
Madison Heights, MI 48071
248-588-1882

_____/

There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in the complaint.

COMPLAINT

Plaintiff states the following:

Jurisdiction and Parties

1. This is an action to enforce civil and common-law rights arising out of Plaintiff's

employment relationship with Defendant corporation.

2. Plaintiff resides in Wayne County, Michigan.

3. Defendants are upon information and belief foreign corporations that are related

entities and conduct a regular and systematic portion of their business in Wayne

County, Michigan.

4. The events giving rise to this cause of action occurred in Wayne County, Michigan.

1

5. The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees.

## Background Facts

6. Plaintiff began her employment with Defendant on or about June 3, 2016 as a bus driver.

7. At all material times, Plaintiff performed her job duties in a manner that was satisfactory or better.

8. Plaintiff is an African American female who injured her back in the course of her employment

9. Defendants was well aware of Plaintiff's injury and had granted Plaintiff leave under the Family Medical Leave Act for this condition.

10. Plaintiff's continued to work despite her injury and requested an accommodation to her job duties: namely assistance with or avoidance of the lifting and carrying of baggage belonging to customers.

11. Plaintiff's injury and condition necessitated her using leave under the Act through and during her employment with Defendant.

11. Defendant's agents made Plaintiff aware that her recurring using of unpaid leave and request for a work accommodation was a burden to the employer.

12. In July 2016, Plaintiff was forced to handle customer luggage despite her inability to do so.

13. As a result handling the luggage, Plaintiff aggravated her back condition and was forced to seek medical attention and was absent from work.

2

14. Plaintiff was then terminated from employment on July 29, 2016 for allegedly violating the Defendant's attendance policy.

15. Plaintiff's termination was improper as set forth below.

## COUNT I

16. Plaintiff incorporates by reference paragraphs 1 through 15.

17. At all material times, Plaintiff was an employee, and Defendant Corporations were her employer, covered by and within the meaning of the Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1201 et seq.

18. Plaintiff's back condition constitute a *disability,* as that term is defined by and within the meaning of the PDCRA, MCL 37.1103(e).

19. At the time of her termination, Plaintiff's health conditions were unrelated to her ability to perform the duties of her position with Defendant Corporations and was unrelated to her qualifications for employment with accommodations.

20. Plaintiff was discriminated against, within the meaning of the PDCRA, when Defendant terminated her in part because of her health condition.

21. Plaintiff's health condition was a determining factor in Defendant's decision to terminate Plaintiff and preclude her from returning to work.

22. The actions of Defendant and its agents, representatives, and employees were in intentional disregard for the rights and sensibilities of Plaintiff.

23. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages, including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary

3

pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

## COUNT II

24. Plaintiff incorporates by reference paragraphs 1-23.

25. Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of denying Plaintiff the right to return to work for sustaining a work related injury and making a claim for worker compensation benefits.

26. Defendant, by a combination of their acts, conspired to deprive Plaintiff of both employment and workers compensation benefits.

27. This conspiracy resulted in the illegal, unlawful, or tortious activity of terminating Plaintiff for making a claim for workers compensation benefits and a wrongful termination of employment.

28. As a result of the conspiracy and Defendant's illegal, wrongful, or tortious acts, Plaintiff sustained both economic and non-economic losses including wage loss and emotional distress.

29. Defendant is liable to Plaintiff for all of his injuries and damages. wages, benefits, and loss of employment opportunities.

PLAINTIFF REQUESTS that this court enter judgment against Defendant as follows:

1. Legal relief

   a. compensatory damages in whatever amount over $25,000 Plaintiff is found to be entitled

   b. an award of back pay and the value of lost fringe benefits and pension benefits, past and future

4

c. exemplary damages in whatever amount over $25,000 Plaintiff is found to be entitled

d. an award of interest, costs, and reasonable attorney fees

2. Equitable relief

a. an order placing Plaintiff in the position he would have held had there been no violation of his rights

b. an award of interest, costs, and reasonable attorney fees

c. an order enjoining Defendant from further acts of discrimination or retaliation

d. whatever other relief appears appropriate at the time of final judgment

e. whatever other relief may appear appropriate when this court's final order is entered

Dated: 7/29/19

Respectfully Submitted,

Matthew Broderick P47403
Attorney for Plaintiff

5